UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEX MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-1585 (UNA) |
| ) | |
| UNITED STATES CUSTOMS AND ) | |
| BORDER PROTECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application and, for the reasons stated below, dismiss the complaint without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendant, of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

1

Plaintiff alleges he submitted an application to NEXUS, presumably referring to a program designed expedite entry into the United States and Canada for pre-screened travelers, which has been "cancelled . . . without cause and justification[.]" Compl. at 4.[1] In connection with the application, it appears, there were "investigations" plaintiff deems "Negligent, Fraudulent, Seditious and caused Assaults, Libel and Slander." *Id*. He demands an end to "all Investigations, Suppression, Observation and Monitoring from the United States, Canada and Internationally . . . for the Plaintiff, his family and the children," *id*., and an award of $25 million for "[c]osts and punitive damages," *id*.

Missing are factual allegations describing the alleged investigations, when and why the investigations were or continue to be conducted, how, exactly, the investigations give rise to claims of negligence, fraud, assault, libel and slander, and a basis for such a large punitive damages award. As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8, and it will be dismissed. A separate order will issue.

TREVOR N. McFADDEN<br>United States District Judge

DATE: July 24, 2024

---

[1] According to plaintiff, he "based [the instant complaint] on the related cases of the United States District Court for the District of Columbia . . . and the United States Court of Appeals for the District of Columbia[.]" Compl. at 4. Plaintiff sued U.S. Customs and Border Protection in 2020, alleging an unreasonable delay in processing his NEXUS applications. *See* Complaint, *Martinez v. U.S. Customs and Border Protection*, No. 20-cv-2726 (D.D.C. filed Sept. 20, 2020) (ECF No. 1). He appealed the district court's unfavorable ruling, which the D.C. Circuit affirmed, concluding "the district court properly granted summary judgment for Customs and Border Protection because the agency's decisions to deny appellant's applications were not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Martinez v. U.S. Customs and Border Protection*, No. 22-5229 (D.C. Cir. Apr. 5, 2023). Plaintiff has not explained the connection between the two cases.